T.C. Summary Opinion 2001-121

UNITED STATES TAX COURT

EUGENE P. MAYEUX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11551-99S.                       Filed August 7, 2001.

<u>James E. Shields, Jr.</u>, for petitioner.

<u>Susan Smith Canavello</u>, for respondent.

DINAN, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioner's Federal income taxes of $3,415 and $3,842 for the taxable years 1995 and 1996.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for Dustin Faulkner in 1995, for Kristion Faulkner in 1995 and 1996, and for Brittany Faulkner in 1996; (2) whether petitioner is entitled to head of household filing status in 1995 and 1996; and (3) whether petitioner is entitled to earned income credits as an individual with qualifying children in 1995 and 1996.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Harvey, Louisiana, on the date the petition was filed in this case.

Petitioner began living with his girlfriend, Mendy Faulkner, and Mendy's two children, Dustin and Kristion Faulkner, when petitioner was 17 years old in 1994. Brittany Faulkner, daughter of petitioner and Mendy, joined the household when she was born in September 1996. The family moved into an apartment with petitioner's mother, Josephine Mayeux, who also lived with petitioner during both 1995 and 1996. Petitioner and Mendy were married on August 20, 1998.

Petitioner worked for Schwegmann Giant Super Markets in 1995, earning take-home pay of $7,138, and for Magnolia Marketing Co. in 1996, earning take-home pay of $7,643. In 1995, petitioner spent approximately $2,000 from his own savings account and received a monthly Social Security check of approximately $270 until he reached age 18 in May. In 1996, petitioner received a Federal income tax refund in the amount of $3,881, which included an overpayment of taxes from the prior year in addition to a refunded earned income credit. During 1995 and 1996, Josephine was receiving Social Security disability payments of approximately $430 per month, and Mendy was receiving combined food stamps and welfare benefits of approximately $490 per month. Josephine helped petitioner and Mendy pay rent and other household expenses. The following are the approximate total amounts of cash available to support the family in each respective year:

| | 1995 | 1996 |
|---|---|---|
| From Eugene | | |
| Take-home pay | $7,138 | $7,643 |
| Savings | 2,000 | -0- |
| Social Security benefits | 1,350 | -0- |
| Tax refund and earned income credit | -0- | 3,881 |
| | 10,488 | 11,524 |
| From other sources | | |
| Josephine's disability benefits | $5,160 | $5,160 |
| Mendy's food stamps and welfare | 5,880 | 5,880 |
| | 11,040 | 11,040 |

In addition to cash outlays, petitioner provided the car which Mendy and the children used for transportation. Since the years in issue, petitioner's income from Magnolia Marketing has

increased to $32,000 per year, and Mendy has stopped receiving welfare benefits.

Petitioner timely filed a Federal income tax return as a head of household in each of the years in issue. In 1995, he reported income of $8,590, claimed exemption deductions for himself, Dustin, and Kristion, and claimed the earned income credit with Dustin and Kristion as qualifying children. In 1996, he reported income of $8,761, claimed exemption deductions for himself, Kristion, and Brittany, and claimed the earned income credit with Kristion and Brittany as qualifying children. In the statutory notices of deficiency, respondent for each year changed petitioner's filing status to single and disallowed the dependency exemption deductions and earned income credit.

Subject to limitations not applicable here, a deduction is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). A child of the taxpayer, or an individual whose principal place of abode is the taxpayer's home and who is a member of the taxpayer's household, is a dependent of that taxpayer if the taxpayer provides over half of his support for the taxable year. Sec. 152(a)(1), (9).

Respondent makes several arguments supporting his disallowance of the claimed dependency exemption deductions. First, as to Dustin and Kristion, respondent argues that petitioner is not their father. However, a taxpayer need not be

the parent of an individual in order for that individual to be the taxpayer's dependent under section 152(a)(9).

Second, as to Dustin and Kristion, respondent argues that petitioner does not meet the requirements of any of the various provisions of section 152(e)(1)-(4). Section 152(e), which contains rules for divorced or separated parents treating one or the other as having provided over half a child's support, is inapplicable in this case. Section 152(e)(1) is inapplicable because petitioner, not the children's parents, provided over half of their support, as discussed below. Section 152(e)(2) is inapplicable because nothing in the record indicates, nor does respondent even suggest, that Mendy signed a written declaration releasing her claim to the exemptions in favor of the biological father. Section 152(e)(3) is inapplicable because petitioner provided over half of the children's support, making a multiple support agreement impossible. See sec. 152(c)(1). Finally, section 152(e)(4) is inapplicable because there is no qualified pre-1985 instrument involved in this case.

Respondent's third and final argument is that petitioner did not provide over half of the support for Dustin, Kristion, or Brittany. However, the four witnesses at trial testified that petitioner contributed more than half of such support, and we find that the evidence supports this testimony. Petitioner had available to contribute to the payment of the children's expenses

an amount in cash equal to just under 50 percent of total household income in 1995 and just over 50 percent in 1996. He also contributed the use of his car, the fair market value of which must be taken into account. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Finally, petitioner provided corroborating evidence of his payment of expenses for the children. We find from the testimony and other evidence that petitioner used his available cash and property in providing over half of the support for the children in each of the years in issue. Petitioner is entitled to the disallowed dependency exemption deductions.

We need not address whether petitioner is entitled to head of household filing status: with the dependency exemption deductions, petitioner had zero taxable income and zero tax liability in each year with or without head of household filing status.

Under section 32,[1] an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Any taxpayer with a qualifying child is an eligible individual. Sec. 32(c)(1). Taxpayers with two or more qualifying children are entitled to a larger credit

---

[1]We apply sec. 32 as it was in effect in the years in issue, except sec. 32(c)(3), which was modified retroactively to taxable years beginning after 1990 by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 6021, 112 Stat. 823.

than are taxpayers with fewer than two qualifying children. Sec. 32(a) and (b).

Respondent argues that petitioner had no qualifying children in either 1995 or 1996 because no individual met the relationship and residency requirements of section 32(c)(3).

As is relevant here, the definition of a qualifying child includes a child or an "eligible foster child" of the taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A).[2] An eligible foster child is an individual who the taxpayer cares for as the taxpayer's own child and who has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year. Sec. 32(c)(3)(B)(iii).

On his returns, petitioner claimed that Dustin and Kristion were qualifying children in 1995, and that Kristion and Brittany

---

[2]Respondent presumably is not arguing that Brittany cannot be a qualifying child in 1996 merely because she was born in September of that year. The Internal Revenue Service has taken the position that the birth of an individual during the taxable year does not affect the status of that individual as a qualifying child, so long as she lived with the taxpayer during the entire time she was alive. See the Internal Revenue Service's instructions accompanying Schedule EIC, Earned Income Credit (Qualifying Child Information), and their Publication 596, Earned Income Credit (as published currently and for the years in issue). This position is in accordance with the legislative history of sec. 32, which states that rules similar to those governing head of household filing status should be adopted for the sec. 32 residency requirements. H. Conf. Rept. 101-964, at 1037 (1990), 1991-2 C.B. 560, 564; sec. 1.2-2(c)(1), Income Tax Regs.

were qualifying children in 1996.  Brittany is petitioner's child; the testimony of the four witnesses at trial makes it clear that petitioner cared for Dustin and Kristion as his own; and all three of the children had the same principal place of abode as petitioner during the relevant times in 1995 and 1996.  Therefore, they were all qualifying children in each of the years.  We hold that petitioner is entitled to the earned income credits disallowed by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.